## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIA ELENA HERNANDEZ, on behalf of herself and similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No.  17-cv-05465 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| SUPERMERCADO JOLIET, INC | ) | Magistrate Judge |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff Maria Elena Hernandez, through her attorneys, against Defendant Supermercado Joliet, Inc., (hereafter "Defendant") states as follows:

## I.      NATURE OF THE CASE

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for: 1) Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). Plaintiff's consent to act as Class Representative in this Section 216(b) is attached as Exhibit A.

## II.      JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.

§1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this judicial district because Defendant maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III.    PARTIES

**Plaintiff**

4.   Plaintiff has:

   a.  resided in and is domiciled within this judicial district in Illinois;

   b.  handled goods that have moved in interstate commerce; and

   c.  been an "employee" of Defendant in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*., and the IMWL, 820 ILCS 115/3(d).

**Defendant**

5.     Within the relevant time period, Defendant Supermercado Joliet:

   a.  has been a corporation organized under the laws of the State of Illinois;

   b.  has maintained offices and conducted business in Illinois and within this judicial district;

   c.  has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   d.  has had two (2) or more employees who have handled goods that moved in interstate commerce; and

   e.  was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS 105/3(c).

### IV.    FACTUAL BACKGROUND

6.     Defendant Supermercado Joliet operates a grocery store in Joliet, Illinois.

7.     Plaintiff worked for Defendant as a food preparer for Defendant between approximately April of 2015 and approximately November of 2016 .

8.     During the course of her employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

9.     Defendant failed to pay Plaintiff and similarly situated employees any overtime premiums at the rate of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks.

10.     Plaintiff was paid a fixed salary for all time worked while Plaintiff's hours varied from week to week and while Plaintiff regularly worked in excess of forty hours per week.

11.     Plaintiff's fixed salary was not sufficient to compensate her at the Illinois mandated minimum rate of pay for all time worked.

## V.     CLASS ACTION ALLEGATIONS

12.     Plaintiff will seek to certify her state law claims arising under the IMWL for Illinois-mandated overtime wages (Counts II) and for Illinois mandated minimum wages (Count III) as a Rule 23 Class Action.

13.     The Class is defined as all individuals employed by Defendant in Illinois from July 24, 2014 up through the date of judgment.

14.     Plaintiff will ask the Court to determine the rights of the parties pursuant to the IMWL, and to direct the Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

15.     Count II is brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a.     the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at

this time, Plaintiff is informed and believes that Defendant has employed over fifty persons in Illinois during the IMWL Class Period;

b.  There are questions of fact or law common to the class and subclass, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

(i)  Whether Plaintiff and the Class were exempted from the overtime provisions of the IMWL;

(ii)  Whether Plaintiff and members of the Class worked in excess of forty hours in individual work weeks during the Class period; and

(iii)  Whether Defendant failed to pay Plaintiff and the Class at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per individual work week during the IMWL class period.

(iv)  Whether Defendant failed to pay Plaintiff and the Class the Illinois mandate minimum wage rate of pay for all time worked during the IMWL relevant time period.

c.  The Class Representative and Class Members have been equally affected by Defendant's failure to pay overtime wages;

d.  Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

e.  The Class Representative, Class Members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class Representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

4

16.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of herself and similarly situated individuals*

Plaintiff incorporates and re-allege paragraphs 1 through 16 as though set forth herein.

17.     This Count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff at one and a half times her regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 6 - 11, *supra*.

18.     Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

19.     Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

20.     Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

21.     Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

22.     Defendant did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

23.     Defendant's failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

24.     Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

C.    Liquidated damages in the amount equal to the unpaid overtime wages;

D.    Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
### *Plaintiff of behalf of herself and a Class of similarly situated individuals*

Plaintiffs incorporates and re-alleges paragraphs 1 through 24 as though set forth herein.

25.    This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiffs time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 6 - 11, *supra*.

26.    Defendant directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

27.    Plaintiff was not exempt from the overtime provisions of the IMWL.

28.    Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

29.    Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30.     Defendant likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

31.     Defendant did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

32.     Defendant's failure to pay Plaintiff and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

33.     Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

34.     The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendant in Illinois from July 24, 2014 and up through the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant has violated the IMWL;

E.     That the Court enjoin Defendant from violating the IMWL;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law- Minimum Wages
### *Plaintiff of behalf of herself and a Class of similarly situated individuals*

Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

35.    The matters set forth in this Count arise from Defendant's violation of the minimum wage provisions of the IMWL. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

36.    Defendant suffered and permitted Plaintiff to work, and Plaintiff did in fact perform work for Defendant, but was not compensated at least the Illinois-mandated minimum wages for all time worked.

37.    Likewise, other similarly situated individuals employed by Defendant were not compensated at the Illinois -mandated minimum rate of pay for all time worked.

38.    Pursuant to 820 ILCS 105/4, Plaintiff and the Class are entitled to be compensated the Illinois-mandated minimum wages for all time worked.

39.    Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

40.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

41.    The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendant in Illinois from July 24, 2014 and up through the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C.      Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.      That the Court declare that Defendant has violated the IMWL;

E.      That the Court enjoin Defendant from violating the IMWL;

F.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G.      Such other and further relief as this Court deems appropriate and just.

B.      ILCS 105/1 *et seq.*;

C.      Such other and further relief as this Court deems appropriate and just.


Dated: July 25, 2017

                                                */s/Alvar Ayala*
                                                Alvar Ayala (ARDC #6295810)
                                                Christopher J. Williams (ARDC #6284262)
                                                Workers' Law Office, P.C.
                                                53 W. Jackson Blvd, Suite 701
                                                Chicago, IL 60604
                                                (312) 795-9121

                                                Attorneys for Plaintiffs